UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

In re:                                                             Chapter 13

      MARK J. METZ,                               Case No. 24-22980 (DSJ)

                 Debtor.
--------------------------------------------------------------X

## ORDER APPROVING LOAN MODIFICATION AGREEMENT

The Debtor, Mark J. Metz, having moved this Court for an order approving a loan modification agreement dated May 22, 2026 ("Application"), attached hereto as Exhibit A, modifying the first mortgage held by **U.S. Bank Trust N.A., as Trustee, by its servicer, Selene Finance, LP** against the Debtor's residence **(Claim No. 5)**, and all creditors, the chapter 13 trustee, and all parties who have filed a notice of appearance in the case having been given proper notice, and no objections having been filed, and it appearing that said loan modification is proper and in the best interest of the debtors and the estate, **[DSJ 8/3/2026]**

NOW, on application of the Debtor, it is hereby

ORDERED, that the Debtor, Mark J. Metz, is authorized to enter into the loan modification agreement annexed hereto as Exhibit A; and it is further

ORDERED, that the pre-petition arrears of Claim No. 5 are deemed to be $0.00.

Dated: New York, New York
       August 3, 2026

                                  *s/ David S. Jones*
                                HONORABLE DAVID S. JONES
                                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

After Recording Please Mail To:
ServiceLink
Attn: Loan Modification Solutions
320 Commerce, Suite 100
Irvine, CA  92602

Section/Block/Lot Block 2 Lot 15

"The Premises is or will be improved with
a one or two family house or dwelling"

————————————————————*[Space Above This Line For Recording Data]*————————————————————

Original Principal Amount $486,000.00
Unpaid Principal Amount $385,963.99      Loan No:
New Principal Amount $527,134.69
Total Cap Amount $141,170.70

# LOAN MODIFICATION AGREEMENT (MORTGAGE)
## (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 22nd day of May, 2026, between MARK METZ ("Borrower") whose address is 310 OLD RT 304, NEW CITY, NY  10956 and Selene Finance LP, attorney in fact for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST ("Lender") whose address is 3501 Olympus Blvd, Suite 500, Dallas, TX  75019, amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated December 12, 2008, in the amount of $486,000.00 and recorded on December 23, 2008 in Book, Volume, or Liber No.            , at Page            (or as Instrument No. 2008-00054695) , of the Official (Name of Records) Records of ROCKLAND, NEW YORK (County and State, or other jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the "Property" as defined in the Security Instrument, and located at:

310 OLD RT 304, NEW CITY, NY 10956
(Property Address)

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:

CHAIN OF TITLE: SEE EXHIBIT "B" ATTACHED HERETO AND MADE A PART HEREOF:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

---


*2 0 0 5 0 4 1 2 9 4 *

1.     As of **June 1, 2026**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$527,134.69**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized ("Arrearages").

2.     Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **8.000%**, from **June 1, 2026.** Borrower promises to make monthly payments of principal and interest of U.S. **$3,867.93**, beginning on the **1st** day of **July, 2026**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **8.000%** will remain in effect until principal and interest are paid in full. If on **June 1, 2056** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.     If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.     Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   a)     all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   b)     all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.     Borrower understands and agrees that:

   a)     All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   b)     All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument



shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

e) Borrower promises to pay the debt evidenced by the Note and Security Instrument. Further, Borrower acknowledges and agrees that any election by Lender to accelerate the debt evidenced by the Note and Security Instrument and the requirement by Lender of immediate payment in full thereunder is revoked upon the first payment made under the Agreement; and, the Note and Security Instrument, as amended by the Agreement, are returned to installment status and the obligations under the Note and Security Instrument remain fully effective as if no acceleration had occurred

f) Borrower further agrees to execute or cause to be executed by counsel, if applicable, a stipulation (to be filed with the court in the foreclosure action), that the Lender's election to accelerate the debt evidenced by the Note and Security Instrument and requirement of immediate payment in full thereunder is revoked upon the first payment made under the Agreement and the debt evidenced by the Note and Security Instrument is deaccelerated at that time pursuant to New York General Obligations Law § 17-105, or other applicable law.

g) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

h) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify



Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☐.

_____     Date: 6/17/26
Borrower    - MARK METZ

## ACKNOWLEDGMENT

State of _____ NY _____ §
                        §
County of _____ Rockland _____ §

On the __17__ day of __June__ in the year __2026__ before me, the undersigned, a Notary Public in and for said State, personally appeared **MARK METZ** personally known to me (or proved to me on the basis of satisfactory evidence) to be the individual(s) whose name is(are) subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity(ies) and that by his/her signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**Benjamin M. Adams**
**Notary Public, State of New York**
**Registration No. 02AD5068709**
**Qualified in Rockland County**
**Commission Expires 5/31/2027**

_____
Signature of Individual Taking Acknowledgment

BENJAMIN M. ADAMS
Printed Name

NOTARY PUBLIC
Office of Individual Taking Acknowledgment

(Seal)                    My Commission Expires: __5/31/2027__

ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
Selene Finance LP, attorney in fact for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST

By: _____          _____6/23/2026_____
    Tonya Higginbotham          -Lender      Date of Lender's Signature
    Assistant Vice President

**ACKNOWLEDGMENT**

State of __Florida__          §
                        §
County of __Duval__          §

On this ___23rd___ day of ___June___ in the year ___2026___ , before me, the undersigned, a Notary
Public in and for said State, personally appeared __Tonya Higginbotham__ the
__Assistant Vice President__ , personally known to me (or proved to me on the basis of satisfactory
evidence) to be the individual(s) whose name is(are) subscribed to the within instrument and acknowledged to me
that he/she executed the same in his/her capacity(ies) and that by his/her signature(s) on the instrument, the
individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

____Jacksonville____          in          ____Florida , Duval____
(insert the city or other political subdivision)          (and insert the State and County or other place the acknowledgment was taken)

_____
Signature of Individual Taking Acknowledgment

_____Lynn  Campbell_____
Printed Name

_____Notary_____
Office of Individual Taking Acknowledgment

My Commission Expires: __6/21/2029__

LYNN CAMPBELL
MY COMMISSION # HH 643529
EXPIRES: June 21, 2029
(Seal)

*2 0 0 5 0 4 1 2 9 4 *

## EXHIBIT A

BORROWER(S): MARK METZ

LOAN NUMBER:

LEGAL DESCRIPTION:

STATE OF NEW YORK, COUNTY OF ROCKLAND, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE LYING AND BEING IN THE TOWN OF CLARKSTOWN, COUNTY OF ROCKLAND, STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF THE PUBLIC HIGHWAY LEADING FROM THE LONG CLOVE TO NEW CITY, SAID POINT BEING THE NORTHEASTERLY CORNER OF THE PREMISES HEREIN DESCRIBED AND THE NORTHWESTERLY CORNER OF PREMISES OF FRANK DE PEW; AND RUNNING THENCE ALONG THE LAND OF THE SAID FRANK DE PEW SOUTH 14 DEGREES 15' WEST 364.3 FEET TO LAND OF ELMER VAN ORDEN; AND RUNNING THENCE ALONG THE LANDS OF SAID VAN ORDEN SOUTH 84 DEGREES 30° WEST 87 FEET TO LAND OF JOHN A. SMITH AND ALMA J. SMITH, HIS WIFE; AND RUNNING THENCE ALONG THE LAND OF SAID SMITH NORTH 14 DEGREES 15' EAST 387 FEET TO THE SOUTHERLY SIDE OF THE AFORESAID PUBLIC ROAD; AND RUNNING THENCE ALONG THE SOUTHERLY SIDE OF SAID ROAD SOUTH 81 DEGREES 35 EAST 87 FEET TO THE POINT OR PLACE OF BEGINNING.

SECTION: 35.9 BLOCK: 2 LOT: 15.

PREMISES BEING KNOWN AS 310 OLD ROUTE 304, NEW CITY, NY 10956.

Parcel ID Number: Block 2 Lot 15
ALSO KNOWN AS: 310 OLD RT 304, NEW CITY, NY 10956

*2005041294*

## EXHIBIT B

**LOAN NUMBER:**

**ALSO KNOWN AS: 310 OLD RT 304, NEW CITY, NY 10956**

**CHAIN OF TITLE:**

Mortgage made by **MARK METZ, A MARRIED PERSON** to **('MERS') MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR KNIGHTBRIDGE MORTGAGE BANKERS LLC.** for **$486,000.00** and interest, dated **December 12, 2008** and recorded on **December 23, 2008** in INSTRUMENT NO./CRFN **2008-00054695**. Mortgage Tax Paid: **$6,288.00**

This mortgage was assigned from **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS MORTGAGEE, AS NOMINEE FOR KNIGHTBRIDGE MORTGAGE BANKERS, LLC, ITS SUCCESSORS AND ASSIGNS** to **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ITS SUCCESSORS AND ASSIGNS**, by assignment of mortgage dated **February 18, 2020** and recorded on **February 21, 2020** in INSTRUMENT NO./CRFN **2020-00006333**.

This mortgage was assigned from **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION** to **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST**, by assignment of mortgage dated **September 22, 2023** and recorded on **October 16, 2023** in INSTRUMENT NO./CRFN **2023-00031145**.

*2005041294*

**Loan Originator Organization: Selene Finance LP, attorney in fact for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, NMLSR ID: 6312**
**Individual Loan Originator's Name NMLSR ID: N/A**
**Loan No.:**

# AFFIDAVIT PURSUANT TO
# SECTION 255 OF THE NEW YORK TAX LAW

STATE OF      Florida          )
                               ) ss.:
COUNTY OF    Duval            )

_____ Tonya Higginbotham _____, being duly sworn, deposes and says:

1.      That he/she is the owner and holder, or the agent of the owner and holder, of the hereinafter described mortgage, and is familiar with the facts and circumstances set forth herein.

2.      A certain mortgage bearing the date of **December 12, 2008**, in the principal amount of **Four Hundred Eighty Six Thousand  and 00/100ths ($486,000.00)** (the "Mortgage") was made by **MARK METZ, A MARRIED PERSON** as Mortgagor to **('MERS') MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR KNIGHTBRIDGE MORTGAGE BANKERS LLC.** as Original Mortgagee, securing the obligations described in that certain promissory note of even date therewith executed by Mortgagor in favor of Mortgagee, said mortgage being recorded in the Office of the [County Clerk/City Register], **ROCKLAND** County on **12/23/2008** at Reel/Liber N/A of Mortgages, Page N/A (or as Instrument No. **2008-00054695**) , upon which the mortgage tax **$6,288.00** was duly paid thereon.

Mortgage made by **MARK METZ, A MARRIED PERSON** to **('MERS') MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR KNIGHTBRIDGE MORTGAGE BANKERS LLC.** for **$486,000.00** and interest, dated **December 12, 2008** and recorded on **December 23, 2008** in INSTRUMENT NO./CRFN **2008-00054695**. Mortgage Tax Paid: **$6,288.00**

This mortgage was assigned from **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS MORTGAGEE, AS NOMINEE FOR KNIGHTBRIDGE MORTGAGE BANKERS, LLC, ITS SUCCESSORS AND ASSIGNS** to **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ITS SUCCESSORS AND ASSIGNS**, by assignment of mortgage dated **February 18, 2020** and recorded on **February 21, 2020** in INSTRUMENT NO./CRFN **2020-00006333**.

This mortgage was assigned from **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION** to **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST**, by assignment of mortgage dated **September 22, 2023** and recorded on **October 16, 2023** in INSTRUMENT NO./CRFN **2023-00031145**.

3.      The instrument offered for recording herewith is a Modification of the Mortgage made by **MARK METZ** to **SELENE FINANCE LP, ATTORNEY IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST**, effective **May 22, 2026** and recorded in the Office of the [County Clerk/City Register], **ROCKLAND** County.

4.      The instrument offered for recording herewith modifies the Mortgage and does not create or secure any new or further lien, indebtedness, or obligation other than the principal indebtedness or obligation secured by the Mortgage, with the exception of the following amount:



a) Unpaid principal balance secured by the Mortgage: **$385,963.99**
b) New unpaid principal balance: **$527,134.69**
c) "b" minus "a" equals: **$141,170.70**
d) Additional obligations secured by the Mortgage as modified:

Additional mortgage recording tax of $ _____ is therefore being paid on this Modification on the sum set forth in Section 4c.

WHEREFORE, pursuant to Section 255 of the Tax Law, deponent claims exemption from further taxation as to the instrument offered for recording herewith.

Lender:
**SELENE FINANCE LP, ATTORNEY IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST**

By: _____
Tonya Higginbotham

Its: _____ Assistant Vice President _____

Sworn to before me this \_\_23rd\_\_ day of \_\_\_June_____, \_\_2026\_\_\_\_\_.

_____
Notary Public          Lynn Campbell



LYNN CAMPBELL
MY COMMISSION # HH 643529
EXPIRES: June 21, 2029



*200504129 4*

Loan No.
Borrowers ("Borrower"): **MARK METZ**

# LOAN MODIFICATION AGREEMENT RIDER

THIS LOAN MODIFICATION AGREEMENT RIDER is made this 22nd day of, May, 2026, by and between the undersigned borrower (the "Borrower") and **Selene Finance LP, attorney in fact for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST,** (the "Lender") and is incorporated into and shall be deemed to amend and supplement that certain LOAN MODIFICATION AGREEMENT (the "Agreement") of the same date executed by the Borrower and Lender as of the date above.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Agreement, Borrower and Lender further covenant and agree as follows:

1.   Escrow Items

Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked. Borrower is hereby advised that beginning on the monthly payment due date set forth above, the amount of Escrow Items will be included with Borrower's monthly payment of principal and interest.

2.   Interest Accrual Change.

Depending on the terms of your original note, interest may have accrued on a daily basis. According to the terms of your loan modification, interest will now accrue on an amortizing basis.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and conditions contained in this LOAN MODIFICATION AGREEMENT RIDER.

| | |
|---|---|
| _____ (Seal) <br> **MARK METZ**      -Borrower | _____ (Seal) <br> -Borrower |
| _____ (Seal) <br> -Borrower | _____ (Seal) <br> -Borrower |

# NEW YORK LOAN MODIFICATION AGREEMENT ADDENDUM

Borrower and Lender, together with their respective successors and assigns, agree that any prior acceleration of the repayment of the amount due on the note and mortgage is revoked, prior demand for immediate payment of all sums secured by the Note and Mortgage are withdrawn, and the Loan is reinstated as an installment loan with monthly payments due under the Note and Mortgage, as amended and modified by this Agreement.

Except if and to the extent prohibited or limited by applicable law, in accordance with N.Y. Gen. Oblig. Law §§17-105 and 107 and other applicable law, Borrower promises and agrees to pay the amount due under the Note and Mortgage as amended and modified by this Agreement, and agrees that any payment by Borrower to Lender, or Lender's successors and assigns, on account of the Note and Mortgage or any installment thereof or interest thereon, as amended and modified by this Agreement, will reset the statute of limitations.

I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

**The Borrower(s) and Lender have signed this Agreement as of the Effective Date.**

_____     Date: _____6, 17, 36_____
**Borrower**        - MARK METZ

